ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES<br><br>RECURRIDO<br><br><br>V.<br><br><br>MANUEL ORTIZ GARCÍA, LUMARY PADILLA LÓPEZ y la Sociedad de Gananciales Compuesta por Ambos; ORTIZ GROUP ENGINEERING & CONSTRUCTION SERVICES CORP.<br><br>RECURRENTE | KLRA202300657 | *REVISIÓN JUDICIAL* procedente del Departamento de Recursos Naturales y Ambientales<br>_____<br>Caso Número: 22-103-B<br><br>_____<br>SOBRE: Infracción al Artículo Núm. 2 de la Ley 132 de25 de junio de 1968, según enmendada. Ley 133 de 1 de julio de 1975, según enmendada, Ley 231-1999 y su Reglamento 6765; Ley 416-2004, según enmendada.<br><br>Intervención Núm. SJIT-054-2020/SJIT-055-2020 |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# **S E N T E N C I A**

En San Juan, Puerto Rico, a 12 de enero de 2024.

Comparece ante nos el Sr. Manuel A. Ortiz García, Lumary Padilla López, la Sociedad Legal de Gananciales compuesta por ambos y Ortiz Group Engineering & Construction Services Corporation (en conjunto Recurrentes) y solicitan que revisemos una *Resolución Interlocutoria* emitida por la Secretaria del Departamento de Recursos Naturales Ambientales (DRNA), el 17 de octubre de 2023, notificada el 24 de octubre de 2023. Por medio del referido dictamen, la Secretaria del DRNA declaró *No Ha Lugar* una *Moción de Desestimación y/o Resolución Sumaria* presentada por los recurrentes.

NÚMERO IDENTIFICADOR

SEN2024_____

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso ante nuestra consideración por falta de jurisdicción.

-I-

El 5 de abril de 2022, el DRNA presentó una *Querella*[1] contra el señor Manuel A. Ortiz García, Lumary Padilla López, la Sociedad Legal de Gananciales compuesta por ambos y el señor Ángel Pérez Pérez. En síntesis, el DRNA alegó que los recurrentes, sin los permisos requeridos, realizaron un corte, remoción y movimiento de terreno con equipo pesado, el cual estaba afectando un cuerpo de agua, en la carretera 806, km 1.2, Barrio Quebrada Arena en el Municipio de Toa Alta, P.R.

El 8 de julio de 2022, los recurrentes presentaron una *Contestación a Orden Administrativa*.[2] En ella, negaron las alegaciones en su contra y levantaron varias defensas afirmativas.

El 31 de agosto de 2022, el DRNA presentó una *Querella Enmendada*[3] a los únicos efectos de incluir a Ortiz Group Engineering & Construction Services Corp., como nuevo dueño de la propiedad en cuestión. De igual forma, presentó una moción informativa mediante la cual desistió de la querella en cuanto al co-querellado Ángel Pérez Pérez.

Así las cosas, el 14 de noviembre de 2022, los recurrentes presentaron una *Moción de Desestimación y/o Resolución Sumaria*.[4] En síntesis, los recurrentes alegaron que el DRNA carecía de jurisdicción sobre la materia, pues es el Departamento de Agricultura la agencia con jurisdicción. Además, solicitaron la desestimación de la *Querella* ya que el asunto en controversia fue atendido por la Junta de

---

[1] Apéndice del Recurso, págs. 123-208.
[2] *Id.*, págs. 209-215.
[3] *Id.*, págs. 216-222.
[4] *Id.*, págs. 29-54.

Planificación, por lo que aplica la doctrina de cosa juzgada por impedimento colateral.

El 6 de diciembre de 2022, el DRNA presentó su respectiva *Moción en Oposición a Solicitud de Desestimación o Resolución Sumaria*. En ella, el DRNA arguyó que nunca ha litigado un pleito contra los recurrentes por los fundamentos presentados en la *Querella* de epígrafe. De igual forma, alegó que el DRNA nunca ha sido parte en ningún pleito, judicial o administrativo, en los que se haya obtenido una sentencia contra los recurrentes. Por lo cual, el DRNA adujo que los recurrentes erraron en su interpretación de los hechos y, con esto, pretenden inducir a error al foro administrativo.

Luego de varios trámites procesales, el 17 de octubre de 2023, la Secretaria del DRNA emitió una *Resolución Interlocutoria*.[5] Mediante el referido dictamen, la Secretaria acogió el *Informe* preparado por la Oficial Examinadora y declaró *No Ha Lugar* la *Solicitud de Desestimación y/o Resolución Sumaria* presentada por los recurrentes.

El 8 de noviembre de 2023, los recurrentes presentaron una *Moción de Reconsideración a Resolución Interlocutoria*.[6] La misma, fue declarada *No Ha Lugar* el 28 de noviembre de 2023.[7]

Inconformes, el 21 de diciembre de 2023, los recurrentes acudieron ante este Tribunal de Apelaciones mediante un recurso de *Revisión de Revisión Administrativa* en el cual realizaron los siguientes señalamientos de error:

> ERRÓ EL DRNA AL DETERMINAR QUE LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA PARTE RECURRENTE FUE BASADA EN LA EXPOSICIÓN DE MOTIVOS DE LA LEY NÚM. 140-2015 CONOCIDA COMO LA LEY PARA EL MANEJO DE PRÁCTICAS AGRÍCOLAS EN EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, SEGÚN ENMENDADA.

---

[5] *Id.*, págs. 24-28.
[6] *Id.*, págs. 6-18.
[7] *Id.*, págs. 1-5.

ERRÓ EL DRNA AL NO RECONOCER LA JURISDICCIÓN DEL DEPARTAMENTO DE AGRICULTURA Y DETERMINAR QUE LA LEY NÚM. 140-2015 CONOCIDA COMO LA LEY PARA EL MANEJO DE PRÁCTICAS AGRÍCOLAS EN EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, SEGÚN ENMENDADA, ES INAPLICABLE.

ERRÓ EL DRNA EN SU RESOLUCIÓN AL NO CONSIDERAR NI ANALIZAR NUESTROS ARGUMENTOS DE FALTA DE JURISDICCIÓN ESBOZADOS EN NUESTRA MOCIÓN DE DESESTIMACIÓN YA QUE LAS ACTIVIDADES AGRÍCOLAS REALIZADAS POR EL QUERELLADO-RECURRENTE NO REQUIEREN PERMISO DEL DRNA, NI DE LA OGP.

-II-

**A. La jurisdicción**

Los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay.[8] Por ello, es norma reiterada que las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia.[9] A causa de ello, cuando un tribunal determina que carece jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo en atención a las leyes y reglamentos para el perfeccionamiento de estos recursos.[10]

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[11]

---

[8] *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 385 (2020).
[9] *JMG Investment, Inc. v. ELA*, 203 DPR 708, 714 (2019).
[10] *Allied Management Group, Inc. v. Oriental Bank, supra.*
[11] *Id.*

A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.[12]

## B. Revisión de Decisiones Administrativas

La Regla 57 del Reglamento del Tribunal de Apelaciones, establece un término jurisdiccional de 30 días para presentar el escrito inicial de revisión judicial ante la Secretaría del Tribunal de Apelaciones.[13] El término para acudir al Tribunal de Apelaciones comienza a transcurrir con el archivo en autos de copia de la notificación de la resolución final de la agencia administrativa.[14] De igual modo, la Sección 4.1 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU)[15], dispone que la revisión judicial está disponible para las "órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias o funcionarios administrativos".

Este requerimiento de una decisión final para poder recurrir en revisión judicial también surge de la Regla 56 del Reglamento del Tribunal de Apelaciones.[16] Nuestro reglamento establece en la Parte VII –sobre revisión de decisiones administrativas– gobernará el trámite de las revisiones de todos los recursos presentados ante el Tribunal de Apelaciones para la revisión de las decisiones, reglamentos, órdenes, resoluciones y providencias finales dictadas por organismos o agencias administrativas o por sus funcionarios(as).[17]

---

[12] 4 LPRA Ap. XXII-B, R. 83(C).
[13] 4 LPRA Ap. XXII-B, R. 57.
[14] *Id.*
[15] Ley Núm. 38-2017, 3 LPRA sec. 9671.
[16] 4 LPRA Ap. XXII-B, R. 56.
[17] *Id.*

Las ordenes o resoluciones finales son aquellas que les ponen fin a los procedimientos administrativos.[18] El propósito legislativo de la Sección 4.1 de la LPAU, *supra*, fue evitar la revisión de órdenes o resoluciones interlocutorias que interrumpieran injustificadamente el trámite administrativo.[19] El legislador aseguró con esta disposición que la intervención judicial ocurra luego de la culminación del trámite administrativo y de la adjudicación de todas las controversias.[20] Las situaciones que justifican preterir el trámite administrativo son similares a las excepciones a la doctrina de agotamiento de remedios administrativo, estas toman lugar cuando: la agencia claramente no tiene jurisdicción; la posposición causa un daño irreparable o; se trata de un asunto de estricto Derecho que no requiere de los conocimientos especializados de la agencia.[21]

-III-

En el presente caso, los recurrentes presentaron una *Moción de Desestimación y/o Resolución Sumaria* ante el foro administrativo. En ella, alegaron que el DRNA carecía de jurisdicción sobre la materia, pues era el Departamento de Agricultura la agencia con jurisdicción. Además, solicitaron la desestimación de la *Querella* ya que el asunto en controversia fue atendido por la Junta de Planificación, por lo que aplica la doctrina de cosa juzgada por impedimento colateral.

Por su parte, el DRNA arguyó que nunca ha litigado un pleito contra los recurrentes por los fundamentos presentados en la *Querella* de epígrafe. De igual forma, alegó que el DRNA nunca ha sido parte en ningún pleito, judicial o

---

[18]*Crespo Claudio v. O.E.G.*, 173 DPR 804, 812-813 (2008).
[19]*Id.*
[20]*Id.*
[21]*Id.*, pág. 491.

administrativo, en los que se haya obtenido una sentencia contra los recurrentes.

En atención a lo anterior, la Oficial Examinadora preparó un *Informe*. En él, esbozó los fundamentos por los cuales recomendó se declarara *No Ha Lugar* la *Solicitud de Desestimación y/o Resolución Sumaria* presentada por los recurrentes. En síntesis, la Oficial Examinadora indicó que la moción presentada por los recurrentes contenía controversias de hechos que impedían la resolución sumaria del caso. Además, señaló en su *Informe* que la Ley 140 del 31 de agosto de 2015, conocida como la Ley Para el Manejo de Prácticas Agrícolas no privó al DRNA de jurisdicción, lo que hizo fue "…establecer la política pública de armonía y colaboración en estos asuntos entre el Departamento de Recursos Naturales y el Departamento de Agricultura". Finalmente, la Oficial Examinadora expuso que, a la fecha de la radicación de la *Querella*, el código Civil de Puerto Rico de 1930 había sido derogado y, el nuevo Código Civil de Puerto Rico de 2020, derogó las disposiciones sobre "Prueba de las Obligaciones" que incluían la cosa juzgada, por lo que el DRNA carecía de facultad constitucional para declarar vigente una figura jurídica derogada por la Asamblea Legislativa.

Así las cosas, la Secretaria del DRNA emitió una *Resolución Interlocutoria*. Mediante el referido dictamen, la Secretaria acogió el *Informe* preparado por la Oficial Examinadora y declaró *No Ha Lugar* la *Solicitud de Desestimación y/o Resolución Sumaria* presentada por los recurrentes.

Luego de evaluar lo anterior, es forzoso concluir que la *Querella* de epígrafe se encuentra en su etapa inicial. Ello, debido a que la determinación administrativa recurrida **no le**

**puso fin al proceso adjudicativo**. Claramente, la resolución recurrida es de carácter interlocutorio, por lo que concluimos que la misma no está sujeta a revisión judicial. Lo anterior no menoscaba el derecho de los recurrentes a, en su día, presentar un recurso de revisión judicial una vez se notifique una resolución final en el caso administrativo de epígrafe.

-IV-

Por los fundamentos antes expuestos, **desestimamos** el *Recurso de Revisión Judicial* por falta de jurisdicción.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones